UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

Eastern District of Kentucky
FILED
DEC 15 2022
At Pikeville
Robert R. Carr
CLERK U.S. DISTRICT COURT

CRIMINAL ACTION NO. 7:22-CR-16-REW

UNITED STATES OF AMERICA     PLAINTIFF

V.     **PLEA AGREEMENT**

SAMANTHA NICHOLE DANIELS
  aka SAMANTHA WEBB     DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count One of the Indictment, which charges a violation of 21 U.S.C. § 846, conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts Two and Three.

2. The essential elements of Count One are:

   (a) Two or more persons conspired, or agreed, to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance;

   (b) The Defendant knowingly and voluntarily joined that conspiracy; and

   (c) That the amount of a mixture or substance containing a detectable amount of methamphetamine that was attributable to the Defendant as a result of Defendant's own conduct and the conduct of other co-conspirators reasonably foreseeable to the Defendant was at least 500 grams.

3. As to Count One, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

    (a) Between on or about May 2021 and March 9, 2022, the defendant worked together with a co-conspirator to obtain and assist in obtaining pound quantities of methamphetamine from multiple, related sources of supply. The Defendant and the co-conspirator traveled together and with others to obtain methamphetamine to be resold to other users and dealers in the Johnson County area. In that way, the Defendant and the co-conspirator worked together to obtain for distribution more than 500 grams of methamphetamine.

    (b) On or about March 1, 2022, law enforcement conducted a traffic stop of the co-conspirator's vehicle in Johnson County, in the Eastern District of Kentucky. A subsequent search of the vehicle revealed more than 500 grams of methamphetamine, which the Defendant and the co-conspirator had obtained and intended to distribute.

    (c) On or about March 9, 2022, law enforcement conducted a search of the residence that the Defendant shared with the co-conspirator. During the course of the search, law enforcement located, among other things, additional methamphetamine and $7,875.

4. The statutory punishment for Count One is imprisonment for not less than 10 years and not more than life, a fine of not more than $10,000,000, and a term of supervised release of at least 5 years. A mandatory special assessment of $100.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court.

5. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) The United States Sentencing Guidelines (U.S.S.G.) manual in effect at the time of sentencing will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes between 1.5 kilograms to 5 kilograms of a methamphetamine mixture, which corresponds to a base offense level of 32.

(c) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists regarding the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant reserves the right to appeal the sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an Indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

10. The Defendant will forfeit to the United States all interest in the property

3



listed in the forfeiture allegation of the Indictment and will execute any documents necessary for this forfeiture. The Defendant agrees that all of the property listed in the forfeiture allegation of the Indictment is subject to forfeiture because the United States can prove by a preponderance of the evidence that a nexus exists between the property and the offense.

11. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

12. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

13. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.



4

|  |  |  |
|---|---|---|
|  |  | CARLTON S. SHIER, IV<br>UNITED STATES ATTORNEY |
| Date: 12/15/22 | By: | *[signature]*<br>Andrew H. Trimble<br>Assistant United States Attorney |
| Date: 12/15/22 |  | *[signature]*<br>Samantha Nichole Daniels<br>Defendant |
| Date: 12/15/22 |  | *[signature]*<br>Sebastian M. Joy<br>Attorney for Defendant |